UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAUL STAVOLA, individually and on behalf of
those individuals similarly situated,

                               Plaintiff,

             – against –

MACRO DIGITAL TECHNOLOGY CORP.,
and PETER KACZENSKI,

                           Defendants.

Case No.:

JURY TRIAL DEMANDED

<u>COMPLAINT</u>

Plaintiff, **PAUL STAVOLA** ("Plaintiff"), individually and on behalf of those individuals similarly situated, as class representative, by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, as and for his Complaint against Defendants **MACRO DIGITAL TECHNOLOGY CORP.**, and **PETER KACZENSKI** (collectively "Defendants"), alleges as follows:

<u>NATURE OF THE ACTION</u>

1.     Plaintiff brings this action on behalf of himself, and of those similarly situated current and former employees of Defendants who elect to opt in to this action pursuant to under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. § 216(b), seeking to recover the wages Defendants failed to pay in violation of the FLSA.

2.     Plaintiff, as class representative, also brings this action on behalf of himself and of those similarly situated current and former employees of Defendants in New

York pursuant to Federal Rules of Civil Procedure 23 ("Rule 23") to recover the wages Defendants failed to pay them in violation of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, Article 8 §§ 220 *et seq.*, and Article 19, §§ 650 *et seq.*, along with supporting New York State Department of Labor Regulations, and the New York State common law.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 and has supplemental jurisdiction over Plaintiff's claims under NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

6.      Plaintiff is a domiciliary of the State of New York, residing in Nassau County.

7.      At all relevant times, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8.      At all relevant times, Plaintiff was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

9.    Upon information and belief, Defendant Macro Digital Technology Corp. ("Macro Digital") is a domestic business corporation duly organized and existing under the laws of the State of New York.

10.    Upon information and belief, Macro Digital maintains a place of business located at 211-2 Knickerbocker Avenue, Bohemia NY 11716.

11.    Upon information and belief, Defendant Peter Kaczenski ("Kaczenski") is a resident of the State of New York, residing in Suffolk County.

12.    Kaczenski is the Chief Executive Officer and owner of Macro Digital.

13.    Upon information and belief, at all relevant times, Kaczenski was and continues to be an owner, corporate officer, director, and/or managing agent of Macro Digital.

14.    Upon information and belief, at all relevant times, Kaczenski exercised operational control over Macro Digital, controlled significant business functions of Macro Digital, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Macro Digital in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

## STATEMENT OF FACTS

Defendants' Failure to Pay Plaintiff Minimum Wage and Overtime Pay

15.    Plaintiff was hired by Defendants on or about 2003.

3

16.    For the period relevant to this action, starting on or about January 2018, to on or about November 2022, Plaintiff was employed as a technician working for the benefit of and at the direction of Defendants.

17.    Plaintiff's work duties included, but were not limited to, installation, maintenance, and repair of security and surveillance equipment on both low-voltage and high-voltage electrical systems.

18.    During his employment, Plaintiff was required to fill out, scan, and send job ticket work orders via email and text message for work that he performed.

19.    During his employment, Defendants maintained a logbook of all work that Plaintiff performed.

20.    During his employment, Plaintiff was required to log in and out of the logbook for all job order projects.

21.    During his employment, Plaintiff was paid at an hourly rate of thirty dollars and zero cents ($30.00) per hour regardless of the work.

22.    During his employment, Plaintiff worked at least five (5) days per week, Monday through Friday, and occasionally performed work on Saturdays and Sundays.

23.    During his employment, Plaintiff worked at least eight (8) hours a day, from 8:00 a.m. to at least 4:00 p.m., and sometimes later.

24.    During his employment, Plaintiff was occasionally required to report to a supply house at 7:30 a.m. before driving to a designated job site.

25.    During his employment, Defendants paid Plaintiff by the hour.

4

26.     During his employment, Defendants only paid Plaintiff his regular rate of pay for hours that he worked each workweek.

27.     During his employment, Defendants did not pay Plaintiff for all hours that he worked each workweek.

28.     During his employment, Defendants failed to pay Plaintiff overtime compensation for all hours that he worked each week in excess of forty (40) hours per week.

**Defendants' Failure to Pay Plaintiff Prevailing Wage**

29.     Upon information and belief, Defendants have entered into contracts, as a subcontractor or prime contractor, with public agencies to serve as a contractor in installation, repair, and maintenance projects meant to benefit the public (the "Public Works Projects").

30.     Upon information and belief, Defendants were required to pay Plaintiff and the putative class members at or above the local prevailing hourly wage rates, including required supplemental benefits and overtime premiums for hours worked in excess of forty (40) per week, eight hours per day, hours worked on Saturday and Sunday, and hours worked during the evening.

31.     Upon information and belief, Plaintiff was a third-party beneficiary to the Defendants' contracts for the aforementioned Public Works Projects.

32.     During his employment, Plaintiff regularly worked on Public Works Projects, including, but not limited to, Suffolk County Police Departments, sewer districts, sewer plants, and public airports.

33.    Approximately fifty percent (50%) of Plaintiff's work performed was on Public Works Projects.

34.    During his employment, Defendants failed to pay Plaintiff the proper prevailing wage rates for work he performed on Public Works Projects.

35.    During his employment, Defendants failed to pay Plaintiff the proper supplemental benefits rate for work he performed on Public Works Projects.

36.    During his employment, Defendants failed to pay Plaintiff time and one half his prevailing rates of pay when he worked more than forty (40) hours per week on any of the Public Works Projects.

**Defendants' Failure to Provide Wage Statements and Wage Notices**

37.    During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

38.    During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

39.    Defendants managed Plaintiff's employment, including the amount of time worked and the rate that he was paid.

40.    Defendants dictated, controlled, and ratified the wage and hour policy, and all other related employee compensation policies.

41.    Defendants were aware of Plaintiff's work hours and rate of pay but failed to pay him the proper wages to which he was entitled under the law.

42.    Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiff brings the First Claim for Relief asserted herein as an opt-in collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), and Rule 23 of the Federal Rules of Civil Procedure on behalf of himself, as class representative, and all non-exempt persons employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case, as defined herein (the "FLSA Subclass").

44.    Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims asserted herein as an opt-in collective action pursuant to the NYLL, and Rule 23 of the Federal Rules of Civil Procedure on behalf of himself, as class representative, and all non-exempt persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case, as defined herein (the "NYLL Subclass").

45.    Plaintiff brings the Seventh Claim for Relief asserted herein as an opt-in collective action  pursuant to NYLL Article 8, §§ 220 *et seq.*, and Rule 23 of the Federal Rules of Civil Procedure on behalf of himself, as class representative, and all non-exempt persons employed by Defendants who performed worked on Defendants' Public Works Projects within six (6) years to the filing of the Complaint in this case (the "Prevailing Wage Subclass") (collectively, with the NYLL Subclass and the FLSA Subclass, referred to as "The Rule 23 Class").

46.    The Rule 23 Class members are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to The Rule 23 Class members via First Class mail to the last address known to the Defendants.

47.    At all relevant times, Plaintiff and The Rule 23 Class members are and have been similarly situated, and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wages, overtime wage for all hours worked in excess of forty (40) hours per work week. These claims of the Plaintiff are essentially the same as those of The Rule 23 Class members.

48.    The Rule 23 Class members are so numerous that joinder of all members is impractical, and the disposition of their claims as a class will benefit the parties and the Court.

49.    Plaintiff claims are typical of those claims that could be alleged by any of The Rule 23 Class members, and the relief sought is typical of the relief which would be sought by each FLSA Collective Plaintiffs in separate actions.

50.    Plaintiff and The Rule 23 Class members have all been injured in that they have been uncompensated, or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' policies and practices affected

all FLSA Collective Plaintiffs similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each FLSA Collective Plaintiffs.

51.     Plaintiff is able to protect the interests of The Rule 23 Class members fairly and adequately, and has no interests antagonistic to the putative class members.

52.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs and classes in wage and hour cases.

53.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

54.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual FLSA Collective Plaintiffs are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for The Rule 23 Class members to redress the wrongs done to them. Furthermore, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings of these costs.

9

55.    The prosecution of separate actions by FLSA Collective Plaintiffs would create a risk of inconsistent and/or varying adjudications with respect to the individual FLSA Collective Plaintiffs, establishing incompatible standards of conduct for Defendants and resulting in the impairment of The Rule 23 Class members' rights and the disposition of their interests through action to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56.    Common questions of law and fact exist as to The Rule 23 Class members that predominate over any questions only affecting Plaintiff and The Rule 23 Class members individually and include, but are not limited to, the following:

      a. whether Defendants correctly compensated Plaintiff and The Rule 23 Class members for hours worked in excess of forty (40) per workweek;

      b. whether Defendants correctly compensated Plaintiff and The Rule 23 Class members at prevailing wage rates and provided supplemental benefits for all hours worked on Public Works Projects;

      c. whether Defendants failed to furnish Plaintiff and The Rule 23 Class members with proper annual wage notices, as required by the NYLL;

      d. whether Defendants failed to furnish Plaintiff and The Rule 23 Class members with accurate wage statements, as required by the NYLL;

      e. whether Defendants' policy of failing to pay worker was instituted willfully, or with reckless disregard of the law; and

    f.  the nature and extent of class-wide injury and the measure of damages for those injuries.

57.    Plaintiff reserves the right to re-define The Rule 23 Class members prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

58.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59.    The FLSA regulated the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60.    Defendants were and are subject to the overtime pay requirements of the FLSA because Macro Digital is an enterprise engaged in commerce or in the production of goods for commerce.

61.    At all relevant times, Macro Digital had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a technician and handled materials and equipment that originated outside of the State of New York.

62.    Upon information and belief, the gross annual volume of sales made, or business done by Macro Digital for the years 2018, 2019, 2020, 2021, and 2022 was not less than $500,000.00.

11

63.   At all relevant times, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

64.   Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

65.   By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

66.   Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67.   However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant period of his employment.

68.   Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

69.   Defendants did not act in good faith with respect to the conduct alleged herein.

70.   As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

71.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

73.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per work week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

74.     By the above-alleged conduct, Defendants failed to pay Plaintiff's overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

75.     By the above-alleged conduct, Defendants failed to pay Plaintiff's overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

76.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant period of his employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

77.    Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

78.    Defendants did not act in good faith with respect to the conduct alleged herein.

79.    As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, pre-judgement and post-judgement interest.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL § 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

80.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81.    Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regularly hourly rates of pay and overtime rates of pay.

82.    Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*, and the supporting Regulations.

83.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL § 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

84.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hours worked and the number of overtime hours worked.

86.    Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

87.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## <u>FAILURE TO PAY REGULAR WAGES</u>

88.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89.    During Plaintiff's employment, Defendants suffered and permitted Plaintiff to work numerous hours each week without paying him the wages to which he was and is entitled.

90.    Defendants' failure to pay Plaintiff the wages that he earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

91.    Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

92.    Defendants have not acted in good faith with respect to the conduct alleged herein.

93.    As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 19
### <u>FAILURE TO PAY MINIMUM WAGES</u>

94.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

95.    At all relevant times to this action, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

96.    At all relevant times, Plaintiff has been covered by the NYLL.

97.    The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

98.    As set forth herein, Defendants regularly and routinely failed to pay Plaintiff any wages at all for numerous hours each week, in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

99.    Defendants willfully failed to pay Plaintiff any wages at all for numerous hours each week, in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

100.    As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

101.    As a result of Defendants violations of the NYLL and the supporting Regulations promulgated therein, Plaintiffs have incurred harm and loss in an

amount to be determined at trial and are entitled to recover from Defendants their unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgement and post-judgement interest.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 8, §§ 220 *et seq.***
**BREACH OF CONTRACT – FAILURE TO PAY PREVAILING WAGES**

102.   Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

103.   Upon information and belief, Macro Digital entered into contracts for Public Works Projects that contained schedules of the prevailing rates of wages and supplemental benefits to be paid to its technicians, including Plaintiff.

104.   Those prevailing rates of wages and supplemental benefits were made part of the Macro Digital contracts for the benefit of Plaintiff and other Macro Digital employees working on Public Works Projects.

105.   The contracts for the Public Works Projects incorporated all requirements of the NYLL, including but not limited to, the payment of prevailing wages under NYLL § 220.

106.   As such, the contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, workers, and mechanics who worked on the Public Works Projects.

107.   This benefit to laborers was immediate, rather than incidental, and a material term in the contracts for these Public Works Projects.

108.   At all times relevant to this action, Plaintiff performed labor at the Public Works Projects for the benefit of, and at the direction of Macro Digital.

109.   Macro Digital breached these contracts for Public Works Projects by willfully failing to pay and ensure payment to Plaintiff the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiff upon the Public Works Projects.

110.   By reason of its breach of each contract for Public Works Projects for which Plaintiff performed work, Macro Digital is liable to Plaintiff in the amount to be determined at trial, plus interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated individuals, by and through his attorneys, Zabell & Collotta, P.C., respectfully requests this Court grant the following relief:

A.   Certifying this matter as a class action as soon as practicable and appointing Plaintiff as class representative and Plaintiff's counsel as class counsel;

B.   At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt who are presently, or have at any time during the three years preceding

the filing of this suit, up through and including the date of this Court's
issuance of court-supervised notice, worked for Defendants. Such notice
shall inform them that this civil action has been filed, of the nature of
the action, and of their right to join this lawsuit if they believe they were
denied proper wages;

C.     A declaratory judgement finding that the Defendants committed one or
more of the following acts:

1.     Willfully violated provisions of the FLSA by failing to pay
Plaintiff overtime compensation;

2.     Willfully violated the provisions of the NYLL by failing to pay
Plaintiff overtime compensation, regular wages, and minimum
wages;

3.     Willfully violated the provisions of the NYLL by failing to provide
Plaintiff with wage notices;

4.     Willfully violated the provisions of the NYLL by failing to provide
Plaintiff with wage statement;

5.     Breached the public works contracts and/or statutory obligation
by failing to pay Plaintiff and the putative class members the
prevailing rates of wages and supplemental benefits.

D.     Defendants, their agents, employees, officers, and successors in interest,
be enjoined from engaging in the illegal and unlawful customs, policies,
and practices described herein;

E.      Award Plaintiff and the putative class members compensatory damages, including all overtime compensation, prevailing wage compensation, and minimum wages owed but unpaid;

F.      An award to Plaintiff and the putative class members for liquidated damages under the NYLL, or alternatively under the FLSA;

G.      An award to Plaintiff and the putative class members for pre-judgment and post-judgement interest on all NYLL overtime compensation and minimum wages due accruing from the date such amounts were due;

H.      An award to Plaintiff for statutory damages under the NYLL;

I.      An award to Plaintiff for all costs and expenses of this action, together with reasonable attorneys' fees pursuant to the NYLL; and

J.      Provide such further relief as the Court deems just and equitable.

Dated:      Bohemia, New York
            January 2, 2024

                                ZABELL & COLLOTTA, P.C.
                                *Attorneys for Plaintiff*

                        By:     _____
                                Saul D. Zabell, Esq.
                                1 Corporate Drive, Suite 103
                                Bohemia, New York 11716
                                Tel. (631) 589-7242
                                Fax. (631) 563-7475
                                szabell@laborlawsny.com