UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL STAVOLA

                        *Plaintiff*,                      **ORDER**

                                                        24-CV-00026 (GRB) (JMW)
  -against-

MACRO DIGITAL TECHNOLOGY CORP.
and PETER KACZENSKI


                        *Defendants*.
------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Plaintiff Paul Stavola ("Plaintiff") commenced the underlying action against Defendants Macro Digital Technology Corp. and Peter Kaczenski (collectively, "Defendants") asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") to recover unpaid minimum wage and overtime pay and seek redress for Defendants' purported failure to provide wage notices and wage statements to Plaintiff. (*See generally* ECF No. 1.)

      Before the Court is Plaintiff's motion (ECF No. 33) pursuant to Fed. R. Civ. P. 37(b) seeking: (i) an order striking Defendants' Answer for failure to comply with this Court's prior discovery order, or, alternatively, (ii) an order compelling Defendants to provide complete and verified responses to Plaintiff's interrogatories and additional documents. (ECF No. 33-1 at p. 4.) For the following reasons, Plaintiff's motion is **DENIED** in its entirety.

## BACKGROUND

      Plaintiff, a technician employed by Defendants from on or about January of 2018 to on or about November of 2022 to perform installation, maintenance, and security work, commenced

1

this action against Defendants on January 2, 2024. (ECF No. 1 at ¶¶ 16-17.) Despite working in excess of forty hours per week, Plaintiff contends that Defendants failed to pay him the local prevailing hourly wage rates and neglected to provide Plaintiff with his wage statements and wage notices as mandated under New York law. (*See id.* at ¶¶ 29-42.)

Shortly after appearing before the undersigned for an Initial Conference on February 14, 2024 (*see* ECF No. 8), the parties were referred to the EDNY Mediation Panel. (*See* Electronic Order dated May 7, 2024.) Mediation was unsuccessful (*see* Electronic Order dated July 19, 2024) which led to the undersigned entering a discovery schedule providing, *inter alia*, that service of first interrogatories and documents demands was due by October 4, 2024, responses to first interrogatories and document demands were due by November 4, 2024, and the end date of all discovery was May 30, 2025. (ECF No. 17 at pp. 2-3.) On March 4, 2025, Plaintiff filed a motion to compel Defendants to produce certain documents and responses to interrogatories[1] which the undersigned denied without prejudice and with leave to renew at a conference on April 8, 2025, which was eventually adjourned to April 30, 2025. (*See* ECF Nos. 21, 29; *see also* Electronic Order dated March 24, 2025.)

At the April 30, 2025, Status Conference, the undersigned made individual rulings on the record as to each of Plaintiff's requested documents and responses to interrogatories. (*See* ECF No. 29.) Importantly, the undersigned noted:

> Counsel for Defendants [is directed] to provide Counsel for Plaintiff additional documents and responses to the Interrogatories listed in ECF No. 21 on or before **May 14, 2025**. Should Counsel for Plaintiff not possess any of the requested documents or information pertaining to responses to the listed Interrogatories, Counsel shall serve a "Jackson Affidavit" upon Counsel for Defendants detailing the good faith search efforts taken to obtain the requested documents or

---

[1] Plaintiff specifically sought complete responses to Interrogatory Nos. 5, 9, 11, 12, 13, 19, and 20 as well as responsive documents previously withheld from Defendants' production including, but not limited to, certified payroll statements, requests for payment, and other documents pertaining to wage jobs Plaintiff worked during the relevant period. (*See generally* ECF No. 21.)

> information, explaining, at a minimum, where these records or information was likely to be kept, what efforts were made to preserve them, whether these records or information were routinely destroyed, or whether a search has been conducted in every location where the records or information was likely to be found. The parties are directed to file a Joint Status Report on or before **May 21, 2025**, outlining the remaining issues and open discovery items. On or before **May 30, 2025**, the parties are directed to file a letter on ECF indicating whether or not this case will proceed as a class action. The end date of all discovery is extended to and includes **June 30, 2025**. A Status Conference has been scheduled for **June 25, 2025 at 9:30 AM** via the Court's Video Zoom.

(*Id.*) (emphasis in original).

According to Plaintiff, counsel for Defendants failed to comply with the directive that responses and additional documents be turned over by May 14, 2025. (*See* ECF No. 33-1 at p. 5.) Indeed, on May 15, 2025, Plaintiff's counsel emailed Defendants notifying them of the missed deadline and requesting a meet and confer to which Defendants responded that they would serve the supplemental responses by the end of the week. (*See* ECF No. 33-2 at p. 3.) On May 19, 2025, Plaintiff had yet to receive these responses and further requested a meet and confer to which counsel for Defendants responded he would be producing the documents and responses before the next day. (*See id.* at p. 2.)

The following week, on May 27, 2025, counsel for Defendants emailed Plaintiff's counsel advising that she was "about to serve Defendants' supplemental documentation . . . but [] noticed that some of the documents contain confidential information. Upon entering into a Confidentiality Order, [she was] willing to provide them to [counsel for Plaintiff]." (*Id.* at p. 1.) The following day, counsel for Defendants served its verified second amended interrogatory answers and attached a signed confidentiality stipulation for counsel for Plaintiff's review. (*See id.*) Counsel for Plaintiff responded the same day indicating that "we do not agree to a confidentiality stipulation" and that should counsel

3

for Defendants feel it is still necessary, "[she] must seek a protective order from the Court." (*Id.*)

On May 21, 2025, counsel for Plaintiff requested a pre-motion conference on its motion to strike Defendants' Answer. (ECF No. 31.) The undersigned denied this request but nonetheless set the following briefing schedule: "Plaintiff's Motion to Strike shall be filed on ECF on or before June 2, 2025, and Defendants' opposition, if any, shall be filed on ECF on or before June 13, 2025." (Electronic Order dated May 22, 2025). Plaintiff filed his motion to strike on June 2, 2025 (ECF No. 33) and Defendants opposed on June 13, 2025. (ECF No. 34.)

According to Plaintiff, as of June 2, 2025, "Defendants have not served Plaintiff with documents, or in the alternative, a Jackson Affidavit stating that a search of Defendants' records was conducted and that no responsive documents exist." (ECF No. 33-1 at p. 5.) Plaintiff contends that in light of counsel for Defendants' failure to provide responses by the Court-imposed deadline, and failure to seek an extension of such a deadline, counsel has "willfully ignored a Court Discovery Order" and thus seeks an order striking Defendants' Answer or compelling Defendants to provide complete and verified responses to Plaintiff's interrogatories and additional documents. (*Id.* at p. 4.) Indeed, such an issue is "exacerbated" according to Plaintiff because counsel for Defendants has neither produced the non-confidential documents, nor has the issue of confidentiality been raised with the Court previously. (*See id.* at p. 7.) Lastly, counsel for Plaintiff avers that counsel for Defendants amended, verified responses are "deficient and nonresponsive." (*Id.* at p. 8.)

4

Conversely, counsel for Defendants avers that it has since provided supplemental responses to Plaintiff's document demands on June 5, 2025 pending the motion to strike and have redacted the confidential portions of them to which counsel for Plaintiff has not objected to. (*See* ECF No. 34-2 at p. 4; *see also* ECF No. 34-4; *see also* ECF No. 34 at pp. 4, 7 (noting counsel for Defendants did not receive any objections to the redacted responses as of the date of filings its opposition)). Should counsel for Plaintiff require the documents be unredacted, counsel for Defendants could provide them upon execution of a protective order. (*See* ECF No. 34-2 at p. 4.)

## DISCUSSION

Rule 37 states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Among the available sanctions are: (1) the "striking [of] pleadings in whole or in part . . . .". Fed. R. Civ. P. 37(b)(2)(A)(iii). "Pursuant to Rule 37 . . . a court 'has broad discretion to impose sanctions' when a party engages in discovery misconduct." *Silverman & Silverman, LLP v. Pacifica Found.*, No. 11-CV-1894, 2014 WL 3724801, at *3 (E.D.N.Y. July 25, 2014) (citation omitted).

However, "Rule 37 sanctions are [] 'a harsh remedy to be used only in extreme situations.'" *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-3597, 2020 WL 7130732, at *2 (E.D.N.Y. Sept. 23, 2020) (quoting *Agiwal v. Mid. Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Indeed, "striking an answer is a 'drastic remedy' that should be used only once the court has considered 'lesser alternatives' and if the 'failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned." *Park v. Sancia Healthcare, Inc.*, No. 17 Civ. 720 (NSR) (JCM), 2019 WL 6831382, at *2

(S.D.N.Y. July 22, 2019) (quoting *Lemus v. Pezzementi*, No. 15 Civ. 5592 (NSR) (LMS), 2017 WL 9534744, at * 3 (S.D.N.Y. Aug. 11, 2017)), *report and recommendation adopted*, 2017 WL 4174809 (S.D.N.Y. Sept. 19, 2017).

In determining whether Rule 37 sanctions are appropriate:

> The Second Circuit has articulated [s]everal factors [that] may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to Rule 37, including: (1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of . . . noncompliance.

*Kantor*, 2020 WL 7130732, at *2 (citing *Agiwal*, 555 F.3d at 302-03).

No factor is exclusive or dispositive "[b]ecause the text of the rule requires only that the district court's orders be 'just,'" and "because the district court has 'wide discretion in imposing sanctions under Rule 37[.]'" *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)). The Court considers each factor in turn.

    i.    <u>*Willfulness or Reason for Noncompliance*</u>

"Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 35 (E.D.N.Y. Sept. 10, 2019). Here, Defendants were aware of the undersigned's directive having appeared and thoroughly participated in the April 30 conference where the undersigned ruled on the record as to each pending discovery dispute, culminating with the undersigned directing that either documents and responses be produced, or a *Jackson* Affidavit be filed. As of the date of Plaintiff's motion, neither of which were provided. (ECF No. 33-1 at p. 5.)

6

There is no indication that counsel for Defendants misunderstood the Order, or that the Order was unclear or ambiguous.

However, the record is equally silent as to how counsel for Defendants' non-compliance was willful. "With respect to 'willfulness of noncompliance,' '[c]ourts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing.'" *Maldonado v. Loxton Inc.*, No. 20-CV-5776 (LDH) (RLM), 2022 WL 18858967, at *4 (E.D.N.Y. June 9, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 18858967 (E.D.N.Y. Aug. 26, 2022). Counsel for Plaintiff contends that "Defendants conduct has consistently shown a disregard for the deadlines set by this Court." (ECF No. 33-1 at p. 7.)

Here, however, immediately upon learning of the missed deadline, counsel for Defendants responded that it would provide the supplemental documentation later that same week and made itself available for a meet and confer. Counsel for Defendants has not previously violated Court orders considering the *only* prior discovery motion on the docket dealt with Plaintiff moving to compel certain documents and responses, and counsel for Defendants has appeared for all prior Court conferences. Accordingly, willfulness for purposes of striking an answer simply has not been demonstrated, so this factor weighs in favor of denying Plaintiff's motion.

   ii.    *Efficacy of Lesser Sanctions*

When deciding whether to impose sanctions less severe than striking an answer, courts consider the extent of defendant's participation in the case, whether prior sanctions were imposed but were ineffective, the extent of compliance with prior court orders, and

7

the level of communications maintained with opposing counsel. *See Pelgrift v. 355 W. 51st Tavern Inc.*, No. 14-CV-8934 (AJN), 2016 WL 817470, at *3 (S.D.N.Y. Feb. 23, 2016), *see also White v. Pawlesky*, No. 19-CV-5246 (GRB) (ST), 2020 WL 13827059, at *3 (E.D.N.Y. May 19, 2020); *see also Kantor*, 2020 WL 7130732, at *3. Indeed, a court will strike an answer only when a less severe sanction would be "an exercise in futility." *See Performance Elecs. v. Tri Valley Recyclers*, No. 15-cv-710 (JFB) (SIL), 2016 WL 11339559, at *2 (E.D.N.Y. Nov. 16, 2016) ("The Court has considered the efficacy of lesser sanctions but concludes that because defendants have repeatedly failed to comply with the orders of the Court, any lesser sanction would be futile.").

Here, counsel for Defendants has engaged in, and been willing to participate in, meaningful meet and confers with opposing counsel on several occasions (*see* ECF No. 34-2) and has been overwhelmingly compliant with this Court's deadlines and conferences. Counsel for Plaintiff fails to pinpoint why a sanction less severe is not more appropriate for these circumstances involving counsel who missed one discovery deadline by no more than two weeks. Accordingly, this factor, weighs in favor of denying Plaintiff's motion.

    iii.    <u>*Duration of Non-Compliance*</u>

"As to the third factor, duration, '[c]ourts have found noncompliance for a period of several months sufficient to warrant dismissal or default,' whereas 'lesser sanctions are appropriate' in situations when the period of noncompliance is 'relatively short.'" *Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2023 WL 5744288, at *12 (S.D.N.Y. Sept. 6, 2023) (citing *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Md. 2542 (VSB), 2023 WL 3304287, at *10 (S.D.N.Y. May 8, 2023)). Counsel for Plaintiff

8

admits that this period of non-compliance lasted "nearly" two weeks after the Court-Ordered deadline. (*See* ECF No. 33-1 at p. 7.) Sanctions less severe than striking an answer are undoubtedly more appropriate where, like here, the period of non-compliance is less than one month. *See Lindner v. IBM*, No. 06CIV4751 (KMK) (DFE), 2007 U.S. Dist. LEXIS 101801, at *14 (S.D.N.Y. Oct. 10, 2007) (determining that plaintiff's noncompliance, which lasted "less than one month in duration" was "not so extended as to weigh in factor of imposing the harsh remedy" under Rule 37). Accordingly, this factor weighs in favor of denying Plaintiff's motion.

    iv.    *Warnings of Non-Compliance*

"[S]evere sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued noncompliance and has nevertheless refused to comply." *Urbont v. Sony Music Ent.*, No. 11-CV-4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014). Here, counsel for Plaintiffs points to no prior warnings that sanctions were threatened against counsel for Defendants prior to making the instant application. Further, a review of the docket indicates no prior warnings were authored.

Indeed, like here, where a party has not been warned of the possibility of sanctions, the harsh sanction of striking an answer is wholly inappropriate. *See Su Ping Yu v. Shanghai Dumpling Inc.*, No. 19-cv-07601 (ALC) VF), 2022 WL 4632817, at *5 (S.D.N.Y. Aug. 19, 2022) ("Because [defendant] has not been expressly warned by the Court that it was at risk of having its Answer stricken or defaulting, the lack of such warning weigh strongly in favor of affording [defendant] one final opportunity to remedy its inaction."), *report and recommendation adopted*, 2022 WL 4661911 (S.D.N.Y. Sept.

9

29, 2022); *but see Sanchez v. Jyp Foods Inc.*, No. 16-cv-4472, 2018 WL 4502008, at *4 (S.D.N.Y. Sept. 20, 2018) (striking defendants answer after defendants were warned that continued failures to comply would result in the court permitting plaintiffs to move to strike their answer and seek a default judgment against them).

Accordingly, after carefully considering the circumstances presented and reviewing the applicable factors, the Court determines that striking Defendants' Answer is too severe a sanction and therefore inappropriate and, accordingly, denies that portion of Plaintiff's motion.

As for Plaintiff's alternative request seeking an order compelling Defendants to provide documents to all outstanding requests for production (*see* ECF No. 33-1 at p. 7), counsel for Defendant submitted its Second Amended Responses to Plaintiff's First Request for Production of Documents on June 5, 2025. (*See* ECF No. 34-4.) To the extent these responses are deficient, counsel for Plaintiff is directed to file the appropriate motion before this Court following a good faith meet and confer with counsel for Defendants. At this juncture, however, this portion of Plaintiff's motion is denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Answer (ECF No. 33) is **DENIED** in its entirety.

Dated: Central Islip, New York
June 24, 2025

SO ORDERED:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge