FILED
CLERK
**8/6/2025**

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
PAUL STAVOLA,

                          *Plaintiff*,

      -against-

MACRO DIGITAL TECHNOLOGY CORP.
and PETER KACZENSKI,

                          *Defendants*.
--------------------------------------------------------------X

                        **ORDER**

        24-CV-00026 (GRB) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff Paul Stavola ("Plaintiff") commenced this action against Defendants Macro

Digital Technology Corp. and Peter Kaczenski (collectively, "Defendants") asserting violations

of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law

("NYLL") to recover unpaid minimum wage and overtime pay and seek redress for Defendants'

purported failure to provide wage notices and wage statements to Plaintiff. (*See* ECF No. 1.)

Before the Court is Plaintiff's motion (ECF No. 42) to compel Defendants to produce complete,

verified responses to certain interrogatories, and to produce undisclosed documentation

referenced in Defendants' Third Amended Response to Plaintiff's Interrogatories. Plaintiff also

seeks an award of costs and fees to Plaintiff. (ECF No. 42 at p. 5.)  For the following reasons,

Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

                        **BACKGROUND**

      The Court assumes the parties' familiarity with the background and procedural history of

the case as articulated in the undersigned's Order dated June 24, 2025, denying Plaintiff's motion

to strike Defendants' Answer and compel Defendants to provide complete and verified responses to Plaintiff's interrogatories. (ECF No. 35.)

The parties appeared in a conference on June 25, 2025 where the Court extended the parties' deadline to complete fact discovery to August 1, 2025. (ECF No. 36.) Immediately following that conference, the parties met and conferred about remaining discovery production with respect to Defendants' Third Amended Responses to Plaintiff's Interrogatories and document requests. (*See* ECF No. 42 at p. 1.) Counsel for Plaintiff memorialized this phone conversation in an email to counsel for Defendants, concluding that:

> While Defendants' counsel has represented that they have turned over all documents within their possession, they have failed to provide a Jackson Affidavit, as ordered by the Court on April 30, 2025, . . . . In light of the Court's Order during the June 25, 2025, conference that the final deadline for all discovery shall be August 1, 2025, Defendants must provide the aforementioned supplemental responses on or before Wednesday, July 2, 2025. If Defendants fail to provide supplemental responses by 5:00PM on July 2, 2025, Plaintiff will be left with no other choice but to seek Court intervention.

(*See* ECF No. 42-1 at p. 2.)

On July 2, 2025, the undersigned granted Defendants' letter request seeking an extension of time to produce a "complete set of discovery responses" from July 2, 2025, to July 7, 2025 because Defendants "located additional relevant physical documents that had been unintentionally omitted from production." (ECF No. 37 at p. 1.) Shortly thereafter, on July 8, 2025, counsel for Defendants produced Defendants' Third Amended Responses to Plaintiff's First Set of Interrogatories and Request for the Production of Documents. (*See* ECF No. 39-1 at p. 1.) Counsel for Plaintiff, nevertheless, argued that there remained "numerous deficiencies" in the amended responses. (*Id.*) Accordingly, counsel for Plaintiff noted that "[a]ny future application we are compelled to file because of your refusal to comply with even the most basic

obligations in discovery will include with it a corresponding appeal for the imposition of monetary sanctions." (*Id.* at p. 7.)

Plaintiff filed the current motion to compel on July 25, 2025 seeking an order directing Defendants to produce complete, verified responses to Plaintiff's Interrogatories and the undisclosed documentation referenced in Defendants' Third Amended Response to Plaintiff's Interrogatories. (ECF No. 42 at p. 1.) Specifically, Plaintiff cited Defendants' Third Amended Response to Plaintiff's Interrogatory No. 5, No. 9, No. 19 and No. 7 as deficient and non-responsive. (*See generally* ECF No. 42.) In addition, counsel for Plaintiff requested an award of costs and fees in bringing the motion because of the "flagrant nature of Defendants' discovery abuses . . . .". (*Id.* at p. 5.) Defendants opposed on July 29, 2025, namely arguing that the responses alleged to be "deficient" are best left for depositions where counsel can ask additional questions responsive to Plaintiff's "vague demand." (*See* ECF No. 43 at pp. 1-2.)

## DISCUSSION

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citation omitted). "Rule 26 of the Federal Rules of Civil Procedure, as amended in 2015, provides that a party is entitled to discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Pincus Law Group, PLLC v. MJ Connections, Inc.*, No. 23-cv-05528 (SJB) (JMW), 2025 WL 1070384, at *2 (E.D.N.Y. Apr. 9, 2025) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)) (quoting Fed. R. Evid. 401). "Under the

3

amended rules, '[r]elevance is still to be 'construed broadly to encompass any matter that bears

on, or that reasonably could lead to other matter that could bear on' any party's claim or

defense.'" *Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-cv-00428 (SJB) (JMW),

2025 WL 1808677, at *3 (E.D.N.Y. July 1, 2025) (quoting *Goss v. E.S.I. Cases & Accessories,*

*Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019)).

It is under this framework that the Court considers each of Plaintiff's requests.

## A. <u>Defendants' Third Amended Response to Plaintiff's Interrogatory No. 5</u>

Interrogatory No. 5 requests Defendants to:

Identify the method or means by which Defendants recorded, tracked, or
memorialized the number of hours Plaintiff worked each week during the Relevant
Period.

(ECF No. 43-1 at p. 10; ECF No. 43-2.)

Defendants' response:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous,
overbroad, unduly burdensome, and not reasonably calculated to lead to admissible
evidence. Defendant further objects to this Interrogatory to the extent that it calls
for a narrative response that is better suited for deposition. Notwithstanding said
objections, Defendant responds as follows: Peter Kaczenski, on behalf of Macro
Digital Technology Corp., manually incorporated the number of hours the Plaintiff
believed he worked on certain days each week in order to calculate the amount of
compensation the Plaintiff believed and/or requested he would receive. Defendant
further refers Plaintiff to Defendants' documents bates-stamped as D Docs 000205-
000301.

(ECF No. 43-2 at p. 5.)

Pursuant to Fed. R. Civ. P. 33(b)(4), grounds for objecting to an interrogatory "must be

stated with specificity." As such, courts routinely find the first objection by Defendants to be a

boilerplate, improper response. *See Eiklor v. Lowe's Home Centers, LLC*, No. 21-cv-05082

(GRB) (JMW), 2022 WL 16834574, at *1 (E.D.N.Y. Nov. 9, 2022) ("The timeworn phrases of

overbroad, undue burden, vague and ambiguous are not a safe harbor to one seeking to avoid

production. Rather, those objections – if genuine – must be supported by a degree of specificity as to *why* they might be overbroad, an undue burden, vague or ambiguous.") (internal quotation marks omitted); *see also Haskell v. Cnty. of Nassau*, No. 22-cv-01713 (OEM) (JMW), 2024 WL 623727, at *3 (E.D.N.Y. Feb. 14, 2024) (collecting cases where courts require the party objecting to an interrogatory to set forth specifics as to each objection and recognizing that generic, boilerplate objections do not suffice). Similarly, Defendants response that the Interrogatory is "not reasonably calculated to lead to admissible evidence" is equally improper because this provision was eliminated in the 2015 amendments to Rule 26. *See Belle v. Barclays Cap. Inc.*, No. 19-CV-3800 (JPO) (GWG), 2020 WL 1879115, at *1 (S.D.N.Y. Apr. 15, 2020).

Here, Plaintiff contends that Defendants' response as to the "means or method" that Kaczenski incorporated is nonresponsive since it does not articulate the "method by which Plaintiff's hours were tracked or recorded." (ECF No. 42 at p. 2.) Conversely, Defendants maintain that the parties should "not be burdened with vague questions" that are "more appropriately answered by way of deposition." (ECF No. 43 at p. 2.)

"Interrogatories 'may relate to any matter that may be inquired into under Rule 26(b) . . . [and] is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. . . .'" *Edebali v. Bankers Standard Ins. Co.*, No. CV 14-7095 (JS) (AKT), 2016 WL 4621077, at *2 (E.D.N.Y. Sept. 6, 2016) (quoting Fed. R. Civ. P. 33(a)(2)); *see Trueman v. New York State Canal Corp.*, No. 1:09-CV-049, 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010) ("Interrogatories, like other discovery devices, may inquire into any discoverable matter, including facts and contentions."). Plaintiff's Interrogatory No. 5 is properly within the bounds prescribed by the Federal Rules.

Interrogatory No. 5 seeks relevant information considering the "method or means" of accounting for the hours Plaintiff worked is critical in either establishing or rebutting Plaintiff's claim under the FLSA and NYLL that Defendants failed to pay overtime or provide wage statements and notices. (*See generally* ECF No. 1); *see Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 36, 42 (E.D.N.Y. 2015) (emphasizing the importance of maintaining accurate and sufficient time and pay records in an FLSA and NYLL action); *see also Wang v. Shanghai You Garden, Inc.*, No. 20 CV 4588 (CBA) (CLP), 2023 WL 5670772, at *9 (E.D.N.Y. Mar. 31, 2023) (ordering defendants to comply with interrogatory asking defendants to "identify where and/or how defendants recorded and stored employee payroll and contact records" because that information was relevant in the FLSA context).

Additionally, the Interrogatory is proportional as it is limited in scope to each week during the Relevant Period which is defined as "January 2, 2018 through November 30, 2022, which encompasses the six (6) year statute of limitations *relevant lookback period* from the filing of the Complaint." (ECF No. 43-1 at p. 9) (emphasis added). Moreover, although Defendants responded that Peter Kaczenski "manually incorporated" the hours on "certain days each week," the response itself remains insufficient as it fails to set forth, let alone identify, what method or means were implicated through "manual incorporation" (*i.e.*, whether time sheets or time logs were used). *See Trueman*, 2010 WL 681341, at *2 (noting that Rule 33 explicitly requires the responding party to "provide the best answer they can based upon information within their possession") (citing Fed. R. Civ. P. 33(b)(3)).  Further, Defendants' objections do not compel a contrary conclusion. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (emphasizing that "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy" are a paradigm of discovery abuse).

6

Accordingly, that portion of Plaintiff's motion is granted.

**B. <u>Defendants' Third Amended Response to Interrogatory No. 9</u>**

Interrogatory No. 9 requests Defendants to:

State the number of employees that worked for Defendants on Public Works Projects during the Relevant Period.

(ECF No. 43-1 at p. 11; ECF No. 43-2 at p. 6.)

Defendants' response:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Defendant further objects to the extent that this interrogatory calls for a legal conclusion. Notwithstanding said objections, Defendant responds as follows: Plaintiff worked on the Public Works Projects, together with one or two other individuals.

(ECF No. 43-2 at p. 6.)

Plaintiff contends that this information is relevant to determine whether to proceed via a class or collective action. (*See* ECF No. 42 at p. 3) (Plaintiff characterizing this information "indisputably relevant"). Defendants rebut that Plaintiff altered this interrogatory to include all prevailing wages jobs, a provision absent from the actual demand. (*See* ECF No. 43 at p. 2 ("Plaintiff has effectively moved the goal post by altering their demand and not mentioning their request in their letter motion.")).

Here, the Interrogatory not only seeks information relevant to the determination of the class size in this case but is also proportional as it sets forth temporal restrictions on the requested period.  Defendants' response, nevertheless, does state the number of individuals working on the Public Works Projects—Plaintiff and two others. Any further exploration into additional individuals, names of those parties, and related information, whether these "other individuals" are employees or independent  contractors, can readily be explored during

depositions. *See Rowe v. Oxford Health Ins. Co.*, No. 21 CV 6290 (WFK) (CLP), 2024 WL 4333881, at *7 (E.D.N.Y. Sept. 27, 2024) (concluding supplementation of an interrogatory seeking information on the number of parties involved in the relevant transaction was more appropriate subject for a deposition).

Accordingly, that part of Plaintiff's motion is denied.

**C. Defendants' Third Amended Response to Interrogatory No. 19**

Interrogatory No. 19 requests Defendants to:

State Defendants' basis for asserting that Defendants are not "employers" under the NYLL and FLSA.

(ECF No. 43-1 at p. 12; ECF No. 43-2 at pp. 9-10.)

Defendants' response:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Defendant further objects to the extent that this interrogatory calls for a narrative response that is better suited for deposition. Defendant further objects to the extent that this interrogatory calls for a legal conclusion. Defendant further objects to the extent that this interrogatory calls for information that is privileged pursuant to the work-product doctrine. Notwithstanding said objections Defendant responds as follows: Plaintiff was assigned to work on projects for Macro Digital Technology Corp.'s clients, in accordance with their specific requests. Plaintiff never performed any work for Peter Kaczenski personally, nor did Mr. Kaczenski ever pay Plaintiff any compensation from his own funds. While Plaintiff provided services to clients of Macro Digital Technology Corp., Plaintiff independently determined his work schedule based on the nature and complexity of the assignments. Plaintiff's compensation was paid by Macro Digital Technology Corp., in accordance with the parties' agreement and Plaintiff's requests.

(ECF No. 43-2 at p. 9.)

Plaintiff raises that the "parties' agreement" was never produced, and Plaintiff never learned of agreements between the parties. (*See* ECF No. 42 at p. 5.) As such, Plaintiff, in conclusory fashion, asserted that Defendants have an "affirmative obligation to produce the purported 'agreement.'" (*Id.*) Additionally, Plaintiff's response "contains no factual basis for

asserting that" Defendants are not "employers" under the FLSA and NYLL, thus remaining a deficient response. (*See id.*) Defendant contends that no written agreement exists and any agreements between the parties can be explored at depositions. (*See* ECF No. 43 at p. 3.)

Here, Defendants' response *does* set forth grounds for their belief that they are not "employers," namely that Plaintiff, as the apparent employee, never personally performed work, never received compensation directly from Kaczenski, and independently determined his work schedule. *See Frost v. Lentex Co.*, No. 20 CV 5313 (VB), 2022 WL 17968058, at *6 (S.D.N.Y. Dec. 27, 2022) ("To determine whether a worker is considered an employee, courts consider the following factors: 'whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule'") (quoting *Franze v. Bimbo Bakeries USA, Inc.*, 826 Fed. App'x 74, 79 (2d Cir. 2020)). Plaintiff's argument, therefore, is unpersuasive as these are factual bases underlying Defendants' belief for why it was not an employer. Merely because Defendants' response does not provide every single basis for why they are not employers—which borders on one of the ultimate legal conclusions in an FLSA and NYLL case—does not entitle Plaintiff to additional information through this Interrogatory at this juncture. Moreover, Plaintiff provides no support for why the agreement must now be turned over, let alone what "affirmative obligation" was triggered.

Accordingly, that branch of Plaintiff's motion is denied.

### D. Defendants' Third Amended Response to Interrogatory No. 7

Interrogatory No. 7 requests Defendants to:

Set forth Plaintiffs compensation for the Relevant Period, including: (1) Plaintiffs rate of pay; (2) Plaintiffs frequency of pay (e.g., hourly, weekly, bi- weekly, etc.); (3) if Plaintiff's compensation changed throughout his tenure of employment with Defendants, the date range of each change in Plaintiffs compensation; and (4)

bonuses paid to Plaintiff as part of his compensation during the Relevant period, and the condition upon which Plaintiff would earn such bonuses (i.e., whether Plaintiff's bonuses were performance-based or based upon a condition).

(ECF No. 43-1 at p. 10; ECF No. 43-2 at p. 5.)

Defendants' response:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Notwithstanding said objections, Defendant responds as follows: See D Docs 1-175. Plaintiff was paid a salary and he was paid weekly. Plaintiff received bonuses which are referenced in the documents provided. Plaintiff received bonuses based on how much money the company had.

(ECF No. 43-2 at p. 6.)

Plaintiff contends that Defendants' response is generalized and does not provide the method by which bonuses were calculated or determined. (ECF No. 42 at p. 4.) As such, Plaintiff argues the response "makes a novel assertion that was absent from Defendant's prior deficient responses" and thus "falls short of being complete." (*Id.*) Defendants rebut that the interrogatory is "best addressed by way of a deposition." (ECF No. 43 at p. 4.)

Here, Interrogatory No. 7 seeks information relevant and proportional to this case. Determining the rates, frequencies, and differences in hourly pay is integral to determining the amounts of unpaid overtime and wages Plaintiff could be entitled to under the FLSA and NYLL. *See Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 394 (E.D.N.Y. 2013). Moreover, the Interrogatory is limited in scope to the applicable six-year limitations period, the "Relevant Period." Nevertheless, Defendants' response is deficient. Though Defendants note that Plaintiff was paid a weekly salary in addition to bonuses based on corporate performance, Defendants neglect to respond to other key requests in the Interrogatory, namely whether compensation rates were altered during the course of employment, when the changes in compensation took place, and the amount of bonuses paid to Plaintiff. *See Muslims on Long Island*, 2025 WL 1808677, at

*3 (collecting cases requiring the party responding to an interrogatory to obtain information "to fully and completely answer the interrogatories"); *Edebali*, 2016 WL 4621077, at *5 (directing plaintiff to produce relevant, obtainable documents to further supplement its initial interrogatory response).

Accordingly, that branch of Plaintiff's motion is granted and Defendants are directed to respond fully to Interrogatory No. 7.

**E.  <u>Plaintiff's Request for Attorney's Fees and Costs</u>**

Plaintiff's counsel makes a sole reference to imposition of fees and costs associated in this action: "In addition, based upon the flagrant nature of Defendants' discovery abuses . . ., we respectfully submit an award of costs and fees to Plaintiff is particularly appropriate here." (ECF No. 42 at p. 5.)  Defendants do not address this request.

"A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure." *Allied 100, LLC v. Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021). "The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021). "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information." *Id.* (internal quotation and citation omitted).

"Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances -- potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. CV176499 (ADS)(AKT), 2019 WL 2436239,

at *5 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019). Moreover, pursuant to Fed. R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Under this provision, sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" in addition to "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(3).

Under Rule 37, if a motion to compel is granted, "the court must . . . award reasonable motion expenses incurred in making the motion." *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37(a)(5)(A)). Indeed, "[t]he Court cannot sanction a party for deficient interrogatory responses pursuant to Rule 37 unless either its adversary sought and was granted an order compelling a more complete answer, or the party came into possession of responsive information but failed to supplement its interrogatory response pursuant to Rule 26(e)." *Richmond v. General Nutrition Centers Inc.*, No. 08 Civ. 3577 (PAE) (HBP), 2012 WL 762307, at *6 n.6 (S.D.N.Y. Mar. 9, 2012). An award of reasonable expenses, however, is not appropriate where the movant filed the motion before a good faith meet and confer, the nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust." *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377 (citing Fed. R. Civ. P. 37(a)(5)(A)(i)—(iii)).

Defendants do not address Plaintiff's request for costs. As such, the Court is unable to ascertain any "substantial justification" or presence of "other circumstances" precluding imposition of fees and costs. *See Sadowski v. Yeshiva World News, LLC*, No. 21-cv-7207 (AMD)

(MMH), 2023 WL 6812273, at *2 (E.D.N.Y. Oct. 16, 2023) (determining plaintiff was entitled to reasonable attorney's fees for bringing a motion to compel where there was "nothing to suggest" substantial justification or "that any other circumstances exist that would make an award of fees unjust") (quoting *Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-394 (CM) (JW), 2023 WL 3294277, at *3 (S.D.N.Y. May 5, 2023)). Further, the imposition of costs is proper considering Plaintiff was forced to expend time and resources (*i.e.*, through meeting and conferring with Defendants' counsel, addressing and opposing extensions of time to respond to the interrogatories, and filing the current motion to compel) to secure the aforementioned responses that should have been disclosed previously. *See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162-63 (S.D.N.Y. 2012) (ordering plaintiff to pay reasonable attorneys fees and costs incurred in making the motion to compel and costs associated with the additional discovery).

Accordingly, counsel for Plaintiff's request for reasonable attorney's fees and expenses incurred in making the current motion to compel is granted. Counsel for Plaintiff is directed to submit an attorneys' affidavit setting forth the basis for costs and attorney's fees, with the appropriate supporting documentation.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to compel (ECF No. 42) is **GRANTED in part** and **DENIED in part** as follows: (i) granted as to Defendants' Third Amended Response to Interrogatory No. 5; (ii) denied as to Defendants' Third Amended Response to Interrogatory No. 9; (iii) denied as to Defendants' Third Amended Response to Interrogatory No. 19; and (iv) granted as to Defendants' Third Amended Response to Interrogatory No. 7.

Further, Plaintiff's request for an award of costs and fees in bringing this motion (ECF No. 42 at p. 5) is **GRANTED**, and Plaintiff is directed to submit an application for attorney's fees and costs incurred in the making of this motion supported with appropriate documentation on or before **August 15, 2025**. The parties are further directed to meet and confer and file a status report on ECF on or before **August 15, 2025** advising the Court as to remaining discovery and proposed final discovery deadlines.

Dated: Central Islip, New York
       August 6, 2025

                                   **S O   O R D E R E D:**
                                   /s/ *James M. Wicks*
                                   JAMES M. WICKS
                                   United States Magistrate Judge