**FILED**
**CLERK**

**8/27/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAUL STAVOLA,

                              *Plaintiff*,

     -against-

MACRO DIGITAL TECHNOLOGY CORP.
and PETER KACZENSKI,

                          *Defendants*.
-----------------------------------------------------------X

**ORDER**

24-CV-00026 (GRB) (JMW)

**WICKS,** Magistrate Judge:

       Plaintiff Paul Stavola ("Plaintiff") commenced this action against Defendants Macro Digital Technology Corp. and Peter Kaczenski (collectively, "Defendants") asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") to recover unpaid minimum wage and overtime pay and seek redress for Defendants' purported failure to provide wage notices and wage statements to Plaintiff. (*See* ECF No. 1.) On August 6, 2025, the Court granted Plaintiff's motion to compel the production of complete, verified responses to certain interrogatories, and to produce undisclosed documents referenced in Defendants' Third Amended Response to Plaintiff's Interrogatories. (*See* ECF No. 44.) In that same Order, the Court granted Plaintiff's request for an award of attorney costs and fees incurred in bringing that motion and directed Plaintiff to make the appropriate application for attorneys' fees and costs. (*Id.* at pp. 11-13.)

       Before the Court is Plaintiff's motion for attorneys' fees and costs, requesting a total of $10,443.00 in connection with the motion to compel. (ECF No. 46.) Though afforded the opportunity to oppose this motion, Defendants chose not to do so. (*See* Electronic Order dated

8/16/2025). For the following reasons, Plaintiff's motion (ECF No. 46) is **GRANTED** in part and **DENIED** in part, and attorneys' fees are awarded in the total amount of $10,038.00, with the application for costs being denied.[1]

## DISCUSSION

###   a.   _Entitlement to Attorneys' Fees Under Rule 37_

"A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure." _Allied 100, LLC v. Chadha_, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021). "Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances -- potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." _Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc._, No. CV176499 (ADS)(AKT), 2019 WL 2436239, at *5 (E.D.N.Y. Mar. 6, 2019), _report and recommendation adopted_, 2019 WL 1986606 (E.D.N.Y. May 6, 2019). Namely, after a motion to compel is granted, Rule 37 provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

An award of fees and costs is not appropriate, however, where a defendant establishes that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection

---

[1] Although Plaintiff's motion seeks "attorneys' fees and costs" (ECF No. 46 at p. 1), no detail or support whatsoever was submitted as to "costs," but only as to attorneys' fees.  Accordingly, although attorneys' fees are awarded, there is no award for costs.

was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)—(iii); *see Wager v. G4S Secure Integration, LLC*, No. 19-cv-03547-MKV-KNF, 2021 WL 293076, at *5 (S.D.N.Y. Jan. 28, 2021) (finding that a defendant must show "that Plaintiff failed to attempt in good faith to obtain the discovery without judicial intervention, Defendant's nondisclosure was substantially justified, or an award of expenses would be unjust").

The Court granted Plaintiff's motion to compel. (*See* ECF No. 44.) Moreover, Defendants have not opposed the current application, and the Court is unable to ascertain any "substantial justification" or "other circumstances" why an award of fees is unjust. *See Sadowski v. Yeshiva World News, LLC*, No. 21-cv-7207 (AMD) (MMH), 2023 WL 6812273, at *2 (E.D.N.Y. Oct. 16, 2023) (determining plaintiff was entitled to reasonable attorney's fees for bringing a motion to compel where there was "nothing to suggest" substantial justification or "that any other circumstances exist that would make an award of fees unjust") (quoting *Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-394 (CM) (JW), 2023 WL 3294277, at *3 (S.D.N.Y. May 5, 2023)). Accordingly, Plaintiff is entitled to fees incurred in bringing the prior motion to compel.

### b. <u>*Reasonableness of Plaintiff's Requested Fees*</u>

"Where Rule 37 expenses are awarded they must be reasonable. A reasonable award reflects the result of the 'lodestar' analysis, i.e., the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours spent on the tasks for which expenses are sought." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the

minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted).

"The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys' fees, "excessive, redundant or otherwise unnecessary hours" will be excluded. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

"Additionally, the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed." *Jackson*, 602 F. Supp. 3d at 356.  Here, Plaintiff's counsel has complied with this requirement considering it submitted an invoice reflecting hours spent spanning from July 8, 2025 to August 12, 2025, indicating the amount of hours expended, listing a description for each task billed for, and noting the attorney and/or paralegal performing the work and at their respective hourly rates. *See Chauca v. Park Mgmt. Sys, LLC*, No. 10-CV-05304 (ENV) (RER), 2016 WL 8117953, at *4–5 (E.D.N.Y. July 18, 2016).

i.    _Reasonable Hourly Rates_

Here, Plaintiff requests the Court award a total of $10,443.00 reflecting the work spent by three attorneys—Anthony Masciana, Ryan Eden, and Saul Zabell—and one paralegal—Michael Taylor—at the Zabell & Collotta, P.C. law firm. (_See_ ECF No. 46 at pp. 2-4.) Anthony Masciana is an associate with nearly seven years' experience in FLSA wage and hour litigation who bills at $320.00 per hour and spent 26.9 hours reviewing discovery responses, drafting discovery deficiency letters, preparing the motions to compel, and conferencing with counsel for Defendants. (_See id._ at p. 4; _see also_ ECF No. 46-1.) Ryan Eden is a partner at Zabell & Collotta who has worked in labor and employment litigation for nine years. (_See_ ECF No. 46 at p. 4.) Eden bills at $450.00 per hour and spent 1.2 hours reviewing and revising the discovery motion to compel and letters to the Court. (_See_ ECF No. 46-1.) Michael Taylor is a paralegal working at Zabell & Collotta for nearly three and bills at $100 per hour. (_See_ ECF No. 46 at p. 3; _see also_ ECF No. 46-1.)

Taking into account their substantial wage and hour litigation experience, the hourly rates for the two attorneys (Masciana and Eden) and paralegal (Taylor) are reasonable when compared to other FLSA cases within this District. _See, e.g., Diaz v. Rene French Cleaners, Inc._, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022) ("Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners [and] $200 to $325 for senior associates . . . ."), _report and recommendation adopted_, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022); _Guinea v. Garrido Food Corp._, No. 19-CV-5860 (BMC), 2020 WL 136643, at *4–5 (E.D.N.Y. Jan. 11, 2020) (finding that "rate[s] of $350-$450 per hour for partner time [and] $250-$300 per hour for associate time . . . are reasonable and consistent with rates allowed in this district"); _Trs. of Pavers Dist. Council Welfare, Pension & Annuity_

*Funds v. Kore Contr. Corp.*, No. 24-cv-3235, 2025 WL 825049, at *14 (E.D.N.Y. Mar. 14, 2025) ("Courts in this District generally consider hourly rates ranging from $70 to $150 to be reasonable for paralegals.").

Saul Zabell, the named partner at his firm, spent 1.7 hours reviewing case filings, revising documents pertaining to the motion to compel, and engaging in conferences surrounding deficient discovery responses. (*See* ECF No. 46 at p. 3; *see also* ECF No. 46-1.) Zabell bills at $600.00 per hour—a rate considered high for FLSA cases within this District. *See Aly v. Dr. Pepper Snapple Group, Inc.*, No. 18 CV 4230 (FB) (LB), 2019 WL 3388947, at *4 (E.D.N.Y. June 13, 2019) ("Courts have 'occasionally awarded hourly rates of $550 and $600 to experienced senior litigators [however even] senior FLSA litigators are rarely awarded over $450 per hour.'") (alteration in original) (citation omitted). In *Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256, 264 (E.D.N.Y. 2021), on a fee application submitted following a jury trial, District Judge Gary Brown found $400 per hour to be a reasonable rate for Zabell, notwithstanding Zabell's requested rate of $650 per hour for appeals and $500 per hour for trial work.  Where, like here, the Court is presented with an unreasonably high hourly rate, reducing the requested rate to a lower, more reasonable rate is appropriate. *Zang v. Daxi Sichuan, Inc.*, No. 18-CV-06910-DG-SJB, 2023 WL 2305934, at *3–4 (E.D.N.Y. Mar. 1, 2023).  Accordingly, considering the circumstances and consistent with more recent authority in this District, the Court applies an hourly rate of $500 to Zabell for purposes of this fee application. *See Polyakov v. Pen Enters.*, No. 23-cv-7816 (KAM) (RML), 2025 WL 1682721, at *5 (E.D.N.Y. June 16, 2025) (finding the named partner with more than twenty years' experience in FLSA disputes reasonably billed $500 per hour); *see also Canales v. Norwich Serv. Station, Inc.*, No. 20-cv-4759 (JMW), 2021 WL 5759727, at *5, n.4 (E.D.N.Y. Dec. 3, 2021) ($500 per hour was reasonable for a named partner).

ii.    _Reasonable Hours Billed_

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. _Maldonado v. La Nueva Rampa, Inc._, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In this determination, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." _Grant v. Martinez_, 973 F.2d 96, 99 (2d Cir. 1992). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." _CIT Bank, N.A. v. Ayers_, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017).

Here, the three attorneys and one paralegal spent a combined 30.2 hours from July 8, 2025 to August 12, 2025, drafting, reviewing, and revising deficiency letters and motions to compel, engaging in case conferences with members of the Zabell & Collotta firm, conferring with opposing counsel relating to the discovery subject to the motion to compel, and filing the appropriate motion papers, exhibits, and documents with the Court. (_See_ ECF No. 46 at p. 2); _see also Holloway v. City of New York_, 21 CV 3858 (AMD) (CLP), 2024 WL 4333761, at *10 (E.D.N.Y. Sept. 27, 2024) (concluding 29.1 hours billed for the motions to compel reasonable and subsequently awarding attorneys' fees pursuant to Rule 37(a)(5)(A)). Further, each description is detailed enough so as to specify the description of the work performed, and the Court finds there to be no redundant, excessive, or otherwise unnecessary time entries.

The Court, therefore, finds that the 26.9 hours expended by Anthony Masciana, 1.7 hours expended by Saul Zabell, 1.2 hours expended by Ryan Eden, and 0.4 hours expended by Michael Taylor to be reasonable.

Accordingly, the Court awards attorneys' fees consistent with the chart below:

| Name | Requested Rate/hour | Awarded Rate/hour | Hours Spent | Total |
|------|---------------------|-------------------|-------------|-------|
| Anthony Masciana | $320.00 | $320.00 | 26.9 | $8,608 |
| Saul Zabell | $600.00 | $500.00 | 1.7 | $850 |
| Ryan Eden | $450.00 | $450.00 | 1.2 | $540 |
| Michael Taylor | $100.00 | $100.00 | 0.4 | $40 |
| | | | | **$10,038** |

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for attorneys' fees (ECF No. 46) is

**GRANTED** in part and **DENIED** in part, awarding attorneys' fees in the total amount of

$10,038.00.

Dated: Central Islip, New York
      August 27, 2025

                                  **S O   O R D E R E D:**

                              /s/ *James M. Wicks*

                                JAMES M. WICKS
                        United States Magistrate Judge