FILED
CLERK
8/26/2026 4:08 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PAUL STAVOLA,

Plaintiff,

- against -

MACRO DIGITAL TECHNOLOGY CORP. and PETER KACZENSKI,

Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

Civil Action
No. 24-0026 (GRB)(JMW)

**GARY R. BROWN, United States District Judge**:

This case concerns an employment dispute between plaintiff Paul Stavola ("plaintiff") and defendants Macro Digital Technology Corporation ("Macro Digital") and Peter Kaczenski (together, "defendants"). Plaintiff asserts seven claims: (1) failure to compensate for overtime under the Fair Labor Standards Act (the "FLSA"), codified at 19 U.S.C. § 210; (2) failure to compensate for overtime under Articles 6 and 19 of the New York Labor Law ("NYLL"); (3) failure to provide wage notices under NYLL § 195(1); (4) failure to provide wage statements under NYLL § 195(3); (5) failure to pay regular wages under NYLL Article 6; (6) failure to pay minimum wage under NYLL Article 19; and (7) failure to pay prevailing wages under NYLL Article 8.

Presently before the Court is plaintiff's motion for summary judgment, covering six of the seven pleaded claims.[1] Docket Entry ("DE") 57 ("Mot."). For the reasons that follow, the motion is granted in part and denied in part.

---

[1] Plaintiff does not appear to move for summary judgment as to his claim for failure to pay regular wages. Therefore, that claim is not evaluated in this opinion.

**Factual Background**

The following facts (which are undisputed unless otherwise noted) are drawn from plaintiff's Local Rule 56.1 Statement and defendants' responses thereto.[2] DE 58-1 ("56.1 Stmt."). Macro Digital is engaged in the business of performing security installations, work which the parties agree involves engagement with interstate commerce. 56.1 Stmt. ¶¶ 1, 3–4. Plaintiff was employed by Macro Digital during the relevant period and was paid a consistent weekly wage of $954.00, which defendants contend represented a "salary." *Id.* ¶¶ 20–21. The weekly rate was based on an implied hourly workload of thirty hours per week, but plaintiff was paid $954.00 irrespective of how many hours he in fact worked in a week. *Id.* ¶¶ 22, 30. That payment structure remained the same for the entire relevant period for this litigation, from 2016 to 2021. *Id.* ¶¶ 24–29. Plaintiff also received sporadic, discretionary bonuses during his employment, the quantum of which was determined solely by Mr. Kaczenski. *Id.* ¶¶ 51–58.

The parties sharply disagree over the usual number of hours that plaintiff worked per week, whether or not plaintiff worked weekends, and how frequently plaintiff worked more than forty hours per week. 56.1 Stmt. ¶¶ 13–19, 96–101. However, defendants concede that plaintiff only "typically" did not "work in excess of 40 hours a week," implying that plaintiff sometimes did exceed that threshold. *Id.* ¶

[2] DE 58-1 incorporates both plaintiff's putative statements of undisputed fact and defendants' responses. Therefore, for ease of reference, the Court cites only to DE 58-1 as the 56.1 Statement. Defendants did not append any additional putative undisputed facts in DE 58-1, and so plaintiff submitted no subsequent response.

115. Defendants, furthermore, never tracked the number of hours plaintiff worked per week, nor did they maintain any written correspondence cataloging the number of hours plaintiff worked or any written documentation indicating how many hours any employees worked. *Id.* ¶¶ 41–44.

Plaintiff sometimes worked on prevailing wage sites, and the Suffolk County Department of Public Works informed defendants that for work on its projects, plaintiff would be classified as "low voltage installation" under the prevailing wage schedule for "Telephone and Tele-Data Systems Electricians." 56.1 Stmt. ¶¶ 59–62, 64–65. Defendants were aware that they were required to pay the prevailing wage on such public works jobs, but they never tracked what share of plaintiff's time was spent on public works, prevailing wage projects versus private jobs. *Id.* ¶¶ 38–39, 50, 66–67. For prevailing wage jobs, Mr. Kaczenski would submit signed and certified payroll reports to accounts payable, but many of those reports did not in fact contain Mr. Kaczenski's signature. *Id.*

It is also undisputed that plaintiff was assigned to work on projects for Macro Digital's clients by Mr. Kaczenski without control of his own work location and that plaintiff had no ownership or partnership interest in Macro Digital, nor did he have any involvement in the company's financial operations. 56.1 Stmt. ¶¶ 6–8, 12. Mr. Kaczenski also testified he was unaware as to whether plaintiff held any professional licenses or certifications during his employment. *Id.* ¶ 11.

Plaintiff commenced this action on January 2, 2024. DE 1. Following the close of discovery, both plaintiff and defendants filed on December 22, 2025 letters seeking a

premotion conference for leave to file a motion for summary judgment. DEs 49, 50. The Court scheduled a pre-motion conference for March 4, 2026, *see* Order dated January 6, 2026, but defendants failed to respond to plaintiff's pre-motion letter. Accordingly, the Court adjourned the pre-motion conference and gave defendants an additional opportunity to respond. *See* Order dated February 5, 2026. Defendants responded on March 27, 2026, but the filing still did not comport with the Court's rules requiring that Rule 56.1 statements cite to evidentiary support for each purported undisputed fact. DE 53. The Court subsequently adjourned the conference a second time to permit defendants to remedy those issues. *See* Order dated April 7, 2026. Defendants then filed a renewed 56.1 statement, but the Court found upon review that the letters and 56.1 statements were defective and that a pre-motion conference would not permit the issues to be efficiently resolved.[3] *See* Order dated April 16, 2026. The Court therefore waived its requirement for a premotion conference and permitted both sides to brief their prospective motions. Plaintiff subsequently served his motion for summary

---

[3] Specifically, the Court's order read "neither party has analyzed the relevant issues in a manner that would permit the Court to reach a decision. The Court also notes - while reserving judgment - that the record as it stands would likely be insufficient to support a grant of summary judgment for either party on any claim." And while the parties were "granted leave, if they choose, to submit fully briefed motions for summary judgment within sixty (60) days of th[e] Order," the Court stressed "that any such motion and any supporting documentation must comport with Federal Rule of Civil Procedure 56 and all related local and individual rules." The parties should by this point, therefore, be more than familiar with the Court's individual rules and the District's local rules concerning motions for summary judgment and accompanying 56.1 statements. Failure to comply with those rules in the future will result in consequences, potentially including sanctions.

judgment. DE 57. Defendants did not file their own motion for summary judgment, but did oppose plaintiff's, DE 58 (Opp.), and plaintiff replied thereafter, DE 59.[4]

**Standard of Review**

"Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom*. *Bartels v. Schwarz*, 643 Fed. App'x. 54 (2d Cir. 2016). "A fact is material if it might affect the outcome of the suit under governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 211–12.

**Legal Analysis**

**I. Overtime Claims under the FLSA and NYLL**

**a. *Liability***

"The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)). The claim therefore consists of four elements: (1) that the defendant failed to pay the mandated overtime wage; (2) that the defendant is engaged in interstate commerce; (3)

---

[4] The Court also notes that Magistrate Judge Wicks awarded plaintiff attorneys' fees due to defendants delaying their productions, thereby necessitating a motion to compel, which Judge Wicks granted in part. *See* DEs 44, 47.

that plaintiff is an employee within the meaning of the FLSA; and (4) that the employment relationship is not subject to an FLSA exemption. *Collado v. JS Food & Grocery Corp.*, No. 23-CV-6617 (LDH) (CLP), 2025 WL 959096, at *3 (E.D.N.Y. Feb. 6, 2025).

The second and third elements are easily met. It is undisputed that defendant "engages in interstate commerce by purchasing and transporting equipment that is manufactured outside of New York State." 56.1 Stmt. ¶¶ 3–4. It is likewise conceded that plaintiff is Macro Digital's employee. *Id.* ¶ 7 ("Plaintiff was compensated on a W-2 basis as an employee of Defendant."). Therefore, the parties only substantively contest the first and fourth elements of the claim in their briefing.

However, the 56.1 statements reveal that the first element is also satisfied. The parties agree that plaintiff was "paid a fixed weekly amount of $954.00 since 2013" and that plaintiff "was paid the aforementioned amount regardless of the number of hours he actually worked." 56.1 Stmt. ¶¶ 23, 30. Therefore, it is undisputed that plaintiff was never paid "time and a half" for any work, and the remaining question is whether plaintiff ever worked over forty hours in a given week. Defendants concede that he did. In a 56.1 Statement response, defendants wrote: "Plaintiff was paid a salary and did not typically work in excess of 40 hours per week." 56.1 Stmt. ¶ 115. The statement implicitly recognizes that plaintiff sometimes worked more than forty hours per week. Because the parties agree that plaintiff was never paid time and a half, defendants failed

to pay overtime wages for those weeks that plaintiff worked over forty hours.[5] Any bonuses paid to plaintiff are irrelevant to the calculation of whether appropriate overtime was paid.[6]

The final element in dispute is whether plaintiff's work falls into an exemption under the FLSA. "The question of what an employee's duties are is one of fact, but the question of whether those activities fall into an FLSA exemption is a question of law." *Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 425 (S.D.N.Y. 2013) (internal quotation marks omitted). The "employer bears the burden of proving that its employees fall within an exempted category of the [FLSA]." *Andreyuk v. ASF Constr. &*

---

[5] The pretrial impact of summary judgment is *de minimis* here unless plaintiff can ultimately convince the trier of fact that he worked more than forty hours in certain weeks. *See* discussion of denial of summary judgment on damages, *infra*. Therefore, the effect of this holding is to limit the evidence at trial to what weeks plaintiff worked more than forty hours, rather than considering threshold issues regarding eligibility under the FLSA.

[6] Defendants contend that plaintiff was paid bonuses, the size of which is a disputed issue of fact, that would count towards overtime pay. It is clearly established, however, that bonus payments that "do not fluctuate based on the number of overtime hours an employee has worked, [ ] cannot qualify as overtime payments." *McLean v. Garage Mgmt. Corp.*, 819 F. Supp. 2d 332, 339 (S.D.N.Y. 2011); *see also Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 658 (E.D.N.Y. 2020) ("The defendants argue that the plaintiffs' yearly bonuses cover any overtime payments they are owed, but cite no law that supports crediting bonuses to unpaid overtime, and I have found none."); *Finnigan v. MTA.*, No. 19-CV-0516 (PKC) (JAM), 2025 WL 963998, at *8 (E.D.N.Y. Mar. 31, 2025) ("lump sum payments that are regularly made and do not correlate to the number of overtime hours an employee has worked do not qualify as overtime payments.") (internal quotation marks omitted). And there is no suggestion in the record that the bonus payments were responsive to plaintiff's overtime hours. To the contrary, the "bonus [wa]s purportedly based upon the profit of the company, however defendants did not utilize any formula to determine the amount plaintiff would receive in bonuses." 56.1 Stmt. ¶ 56.

*Excavation Corp.*, No. 19-CV-7476 (AEK), 2022 WL 4658457, at *5 (S.D.N.Y. Sept. 30, 2022) (quoting *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)). Defendants raise three potential bases, under which plaintiff's position could be exempted.

The first possible exemption is the "administrative exemption," which plainly does not apply because it requires, *inter alia*, proof that the employee's "primary duty" consists of "the performance of office or non-manual work directly related to the management or general business operations of the employer." *Harper v. Gov't Emps. Ins. Co.*, 586 F. App'x 772, 773–74 (2d Cir. 2014) (quoting 29 C.F.R. § 541.200(a)). Defendants do not even attempt to contest this requirement, focusing mainly on irrelevant issues related to plaintiff's compensation and his work with other businesses. Opp. at 9–10. Contrary to defendants' protestations however, plaintiff's evident partial ownership of other businesses has no bearing on whether he performed "office or non-manual work directly related to the management or general business operations *of the employer*."

While plaintiff anticipated in its opening brief that defendants would raise the administrative exemption, defendants still bear the burden of proving that plaintiff's position was exempted under the FLSA. *Cf. Vance v. Terrazas*, 444 U.S. 252, 270 n.11 (1980) ("it is inappropriate for the court to shift the burden of proof on the anticipated defense to plaintiff as a 'sanction' for failing to follow the burden of pleading structure established by Rule 8 or by adopting the fiction that plaintiff's anticipation of the issue evidences his intention to 'assume' the burden of proving it.") (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1276, at 327 (1969)). And defendants make no affirmative arguments and cite no evidence in the record in support of their

contention that the administrative exemption applies. The argument is therefore waived. *See generally MyPlayCity, Inc. v. Conduit Ltd.*, No. 10-CV-1615 (CM), 2012 WL 2929392, at *3 (S.D.N.Y. July 18, 2012) ("the failure to rebut arguments that would entitle some other party to summary judgment on those undisputed facts is a waiver of that argument."); *Fletcher v. ABM Bldg. Value*, No. 14-CV-4712 (NRB), 2018 WL 1801310, at *9 n.11 (S.D.N.Y. Mar. 28, 2018), *aff'd*, 775 F. App'x 8 (2d Cir. 2019) ("Where a party fails to raise an 'argument in his opposition to summary judgment' that 'argument has been waived.'") (quoting *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004)). The argument is also befuddling on the merits. The parties agree that plaintiff possessed no ownership interest in Macro Digital, 56.1 Stmt. ¶ 9, had no involvement in Macro Digital's financial operations, *id.* ¶ 10, and that "[Mr.] Kaczenski alone determined [to] which job sites plaintiff went to work," *id.* ¶ 8. There is no suggestion that plaintiff's "primary role" at Macro Digital was anything other than manual work, and there is likewise no suggestion that plaintiff performed any substantial quantity of administrative tasks.

The second possible exemption is the executive exemption, and it fails for the same reasons. For the executive exemption to apply, defendants must demonstrate, *inter alia*, that plaintiff "has the authority to hire or fire other employees or [that his] suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." *Elghourab v. Vista JFK, LLC*, No. 17-CV-911 (ARR) (ST), 2019 WL 2431905, at *7 (E.D.N.Y. June 11, 2019), *aff'd*, 818 F. App'x 63 (2d Cir. 2020) (quoting 29 C.F.R. § 541.100(a)). Defendants' only argument on this point is to state:

> By his own testimony, Plaintiff stated that his own title at Macro Digital was "Vice President of Operations." See Ex B, Pg. 30, ll. 8-16. Plaintiff claims there is nothing to support this exemption the record, despite conceding he was a vice president of operations, and providing only that he was not an ownership parter, despite being an executive and that he did not handle finances. (See Plaintiff's MOL, pg. 6) No case law is provided by plaintiff in support of this position then [sic] an initial statement of case law, which is unsupported by any factual support.

Opp. at 10. That recitation cites no caselaw and identifies only one fact in support of plaintiff's argument. There is no suggestion in the record that plaintiff possessed any ability to hire or fire other employees nor that he provided recommendations as to other employees' employment. Therefore, to the extent that the argument is not waived, it fails on the merits.

The final possible exemption is the professional exemption. Defendants' only discussion on this point is to note that:

> The only factual support that Plaintiff cites in support of their argument, other than recitation of case law, is a lone paragraph from Plaintiff's statement of material facts Plaintiff's Statement of Material Facts, pg. 7; Plaintiff's Statement of Material Facts, para. 11, which only asked that Defendant admit that they were unaware of as to professional licenses held by Plaintiff. The Plaintiff's only contention in support of this claim is a statement that Defendant Kaczenski could not recall whether Plaintiff Stoval held professional licenses during his deposition.

Opp. at 10. Because defendants have raised no affirmative arguments nor cited any evidence as to the professional exemption, that issue is therefore waived as well.[7]

[7] The argument would also fail on the merits because defendant has not identified any evidence in the record suggesting that the professional exemption would apply. Indeed, the parties agree that Mr. Kaczenski testified that defendants "were unaware as to whether plaintiff held any licenses or certificates." 56.1 Stmt. ¶ 11.

Accordingly, plaintiff has established based on the undisputed facts that he is entitled to summary judgment as a matter of law as to *liability* for the FLSA overtime claim.

**b. *Damages***

However, the Court finds that issues of material fact predominate over calculation of damages. *See BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, No. 19-CV-6386 (BCM), 2024 WL 4349163, at *7 (S.D.N.Y. Sept. 30, 2024) ("a court may grant partial summary judgment with respect to liability on a claim without granting summary judgment as to damages."). While plaintiff argues that the damages are ascertainable based on his recollection alone, testimony at trial would be required to in fact ascertain for what weeks plaintiff worked overtime and would therefore be entitled to damages, considering that the number of weeks for which plaintiff worked overtime is a fiercely contested issue of fact. *See* 56.1 Stmt. ¶¶ 13–19. Courts frequently find in such circumstances that damages must be calculated following trial, even where liability can be established on the papers. *See e.g., Garcia-Devargas v. Maino*, No. 15-CV-2285 (GBD)(JLC), 2017 WL 129123, at *7 (S.D.N.Y. Jan. 13, 2017), *adopted by*, No. 15-CV-2285 (GBD)(JLC), 2017 WL 11567211 (S.D.N.Y. Mar. 29, 2017) ("Plaintiffs have established as a matter of law that Defendants failed to pay overtime rates. However, factual disputes regarding the amount of damages cannot be resolved on summary judgment.").[8]

---

[8] Defendants contend that some of plaintiff's allegations are time-barred. Opp. at 7–8. However, defendants have not moved for summary judgment, and in light of the tolling

As a result, the Court grants plaintiff's motion for summary judgment as to liability on the FLSA overtime claim. The motion is denied as to damages.

The same analysis applies to the NYLL overtime claim because "[c]ourts in the Second Circuit analyze NYLL overtime claims under the same standards governing claims for overtime under the FLSA." *Bettis v. Amazon.com Servs. LLC*, No. 24-CV-07563 (LDH) (JAM), 2026 WL 880208, at *5 (E.D.N.Y. Mar. 31, 2026); *see also Nakahata*, 723 F.3d at 200 ("The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week; the NYLL adopts this same standard.") (cleaned up). Accordingly, the Court likewise grants summary judgment to plaintiff as to liability for the NYLL overtime claim but denies summary judgment on damages due to outstanding issues of material fact.

**II. Wage Notice and Wage Statement Claims under the NYLL**

A court has an "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *New Jersey v. Bessent*, 149 F.4th 127, 141 (2d Cir. 2025). Standing must exist for each claim asserted. *See B.B. ex rel Rosenthal v. Hochul*, 166 F.4th 259, 271 (2d Cir. 2026). Those principles apply to state law claims presented to a federal court through supplemental jurisdiction, so "[i]n addition to falling within the statutory authorization that the supplemental jurisdiction statute

---

period discussed in plaintiff's reply brief that argument is at best premature. DE 59 at 5–6.

provides, a plaintiff must demonstrate standing for each [state law] claim he seeks to press and for each form of relief that is sought." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 304 (2d Cir. 2024) (internal quotations omitted). If a plaintiff "lack[s] Article III standing, a court has no subject matter jurisdiction to hear their claim." *Bohnak v. Marsh & McLennan Cos.*, 79 F.4th 276, 283 (2d Cir. 2023). To satisfy Article III's standing requirement, "a plaintiff must demonstrate: (1) injury-in-fact, which means an actual or imminent and concrete and particularized harm to a legally protected interest; (2) causation of the injury, which means that the injury is fairly traceable to the challenged action of the defendant; and (3) redressability, which means that it is likely, not speculative, that a favorable decision by a court will redress the injury." *Knight v. City of New York*, 164 F.4th 173, 177–78 (2d Cir. 2026).

A plaintiff cannot suffer an injury-in-fact based solely on a defendant's statutory violation of the NYLL's wage notice provisions, and to establish standing, plaintiffs must instead further demonstrate a concrete, downstream injury. In *TransUnion*'s wake, the Second Circuit has explained that "unless the plaintiff-employee can show that he or she would have undertaken [ ] advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195." *Guthrie*, 113 F.4th at 308. However, such a plaintiff is not required to demonstrate damages outside of the alleged wage violations, instead "a plaintiff-employee who has plausibly shown that defective

notices led him or her to lose wages has such a concrete interest and is not simply policing legal infractions in the abstract." *Id*. at 310.

Here, despite the Court's explicit admonition following the parties' submission of pre-motion letters (*see* procedural history at 3–4 and n.3, *supra*) that "[p]laintiff fails to proffer evidence that he suffered any damages from the failure to supply wage notices . . . and [n]either plaintiff nor [defendants] include in their 56.1 statements any purported undisputed facts pertaining to the wage notice claim," Order of April 16, 2026, the parties perplexingly *still* do not include in their 56.1 statements any pertinent facts as to the wage notice claim. Plaintiff argues:

> Here, Defendants intentionally failed to track the number of hours Plaintiff worked. *See* Ps' SOMF ¶¶ 32 - 41. By doing so, Defendants have prevented Plaintiff from calculating the number of hours he was underpaid for throughout his employment with Defendants. Defendants' failure to track Plaintiffs hours has resulted in a common practice or scheme of hiding the number of hours their employees work each week, under the guise of "salary payments", a practice that continued past the commencement of this litigation. *See* Ps' SOMF ¶¶ 47 - 49. This has resulted in informational harm as Plaintiff must rely solely upon his recollection and the contemporaneous text messages to calculate his damages. Plaintiff was unable to review his paystubs and determine the accurate number of hours he worked each week, or the amount of underpayment contained within each pay period. As such, Plaintiff has demonstrated concrete, downstream harm resulting directly from Defendants' refusal to track, or reflect the number of hours Plaintiff worked each week on each corresponding wage statement.

Mot. at 17 (purporting to cite the 56.1 statement). However, the cited paragraphs do not establish all requisite elements of the wage notice claim. It is well established that "[a]t the summary judgment stage, a court cannot merely rely on the allegations in a

plaintiff's complaint to establish standing" and the plaintiff must "set forth by affidavit or other evidence specific facts supporting standing, as is generally required under Rule 56." *Jimenez v. GWB Acquisitions LLC*, No. 24-CV-7385 (LJL), 2026 WL 252527, at *4 (S.D.N.Y. Jan. 30, 2026) (citing *NRDC, Inc. v. FDA*, 710 F.3d 71, 79 (2d Cir. 2013)). Plaintiff does not cite—in either briefing or the 56.1 statement—to evidence suggesting he was unable to accurately calculate his hours, even assuming that would create standing, or that he was otherwise damaged by the failure to provide wage notices. It is black letter law that "legal memoranda [ ] are not evidence and cannot create issues of fact capable of" satisfying a party's burden at summary judgment. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 526 (2d Cir. 1994).

As explained by the cases collected in *Garcia v. New Force Construction Corp.*,

> Courts in this district have held that "ambiguity, confusion . . . and difficulty in reconciling timesheets with wage statements, [and] difficulty in making expostulations to Defendants of underpayment of wages" because of a defendant's failure to provide wage statements or notices do not constitute an adequate injury for standing purposes. *See Weller v. Icahn Sch. of Med. At Mount Sinai*, No. 23-CV-4775 (PKC) (LB), 2025 WL 745992, at *6-*7 (E.D.N.Y. Mar. 7, 2025) (noting also that any alleged violations of recordkeeping "did not prevent Plaintiff from deciding that he was underpaid and promptly raising issues regarding his pay."). Even when a plaintiff alleges concrete harm from wage notice and statement violations—for instance, by asserting a consequent inability to verify proper payment each week, and that this prevented her from speaking up and led to further underpayments—courts generally consider such injuries to be too speculative and indirect to confer standing. *See Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, *2 (E.D.N.Y. Apr. 25, 2023) (holding that although plaintiff argued lack of notice and wage statements rendered him unable to demand proper his wages, the court found that "[t]his hypothetical chain of events is not what the Supreme Court means

> by an 'injury fairly traceable to the allegedly unlawful conduct.'") (quoting *California v. Texas*, 593 U.S. 659 (2021)).

No. 23-CV-2336, 2025 WL 2015158, at *18 (E.D.N.Y. July 18, 2025). Likewise here, plaintiff has not adequately demonstrated a concrete injury, such that he possesses Article III standing.

Therefore, plaintiff has not satisfied his burden to demonstrate standing at the summary judgment stage as to his wage notice claim which is, accordingly, dismissed.

The same analysis and disposition applies to plaintiff's wage statements claim under the NYLL. *See Zambrano v. Envios Espinoza, Inc.*, No. 22-CV-03031 (OEM) (SIL), 2025 WL 1808694, at *12 (E.D.N.Y. July 1, 2025) ("The Second Circuit's decision in *Guthrie* clarified what a plaintiff must show to establish standing to bring a wage notice or wage statement claim under NYLL § 195."). As with the wage notice claim, plaintiff offers no citations in his 56.1 statement nor otherwise cites evidence in his briefing sufficient to establish standing at the summary judgment stage. Thus, plaintiff lacks standing for the wage statement claim, and that claim is likewise dismissed. *See Jimenez*, 2026 WL 252527, at *4.

## III. Minimum Wage under the NYLL

Plaintiff also argues that he worked sufficient hours such that his weekly wage fell below the minimum wage, in violation of the NYLL. Plaintiff makes no mention of minimum wage issues in his 56.1 statement, and his only discussion of the issue in his briefing is a paragraph stating

> The FLSA's minimum-wage provision reads as follows: "[e]very employer shall pay to each of his employees . . . not less than . . . [the federal minimum wage]. . . Where a state's minimum wage is higher than the federal minimum wage, the state's minimum wage **must be paid** by the employer to satisfy FLSA's minimum wage requirement." *Id.* , at *11-12 (E.D.N.Y. Feb. 6, 2018) (*citing* 29 U.S.C. § 206[a]; 29 C.F.R. § 778.5; 29 U.S.C. § 218(a); *quoting Martinez v. Alimentos Saludables Corp.* , No. 16-CV-1997, 2017 WL 5033650, at *15 [E.D.N.Y. Sept. 22, 2017]) (internal citations and quotations omitted). Where, as here, an employer fails to compensate an employee at or above the New York State Minimum wage rate for each hour the employee works, the employer has violated the FLSA and the NYLL's minimum wage requirement.

Mot. at 9. The undisputed facts therefore do not permit the Court to calculate whether plaintiff ever worked a sufficient number of hours per week such that the hourly rate implied by his $954 weekly pay would fall below the minimum wage. Accordingly, because plaintiff does not adequately establish that undisputed facts would support his claim, the motion for summary judgment is denied as to the cause of action for failure to pay minimum wage.

## IV. Prevailing Wage under the NYLL

"Under NYLL § 220 'laborers, workmen, or mechanics upon such public works, shall be paid not less than the prevailing rate of wages . . . ,'" and "[a]ll contracts between the State (including its subdivisions and municipalities) and contractors require that the contractor pay prevailing wages to employees who work on the public works." *Markos v. Johnson Controls, Inc.*, No. 22-CV-6600 (DEH), 2026 WL 587718, at *4 (S.D.N.Y. Mar. 3, 2026) (cleaned up).

As with plaintiff's claim for violation of the state minimum wage, plaintiff has not sufficiently demonstrated that undisputed facts entitle plaintiff to summary judgment on the prevailing wage claim. While the parties agree that plaintiff was classified under a prevailing wage schedule by the Suffolk County Department of Public Works, 56.1 Stmt. ¶ 64, and likewise agree that plaintiff performed work on public works sites, *id*. ¶¶ 60, 62, plaintiff does not gather sufficient evidence for the Court to conclude that plaintiff's implied hourly rate fell below the prevailing wage for that work. Plaintiff does not provide information regarding how many hours he worked either on prevailing wage or non-prevailing wage projects in the specific weeks he identifies as times when he performed prevailing wage work. Therefore, the Court is unable to conclude as a matter of law that plaintiff's implied salary was below the prevailing wage. Summary judgment must therefore be denied as to that claim.

**Conclusion**

Accordingly, the Court grants—only as to liability—plaintiff's motion for summary judgment as to the state and federal overtime claims. The Court dismisses the wage notice and wage statement claims, *sua sponte*, for lack of subject matter jurisdiction. The motion is otherwise denied. The parties are directed to file their pretrial order within thirty days of this opinion.

**SO ORDERED.**

Dated: August 26, 2026
Central Islip, New York

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge